# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LAURA SORENSEN, | Case No. 19-cv-2268 (JRT/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN NANETTE BARNES, | |
| Respondent. | |

Petitioner Laura Sorensen pleaded guilty in the United States District Court for the Eastern District of Virginia to one count of sex trafficking by force, fraud, and coercion under 18 U.S.C. § 1591(a); and one count of transportation of an individual for illegal sexual activity under 18 U.S.C. § 2421.  *See United States v. Sorensen*, No. 3:15-CR-0032 (2) (HEH/RCY) (E.D. Va. 2015).  Sorensen was sentenced to a 480-month term of imprisonment as a result — a term of imprisonment she is currently serving at the Federal Correctional Institution at Waseca, Minnesota.  Currently before this Court, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, is Sorensen's petition for a writ of habeas corpus challenging the validity of her convictions.[1]  As a result of that review, this Court recommends dismissal of Sorensen's petition for lack of jurisdiction.

---

[1] Although Sorensen's habeas petition is not brought under 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied to her petition.  *See* Rule 1(b).

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959.

The sole basis for Sorensen's petition appears to be that the victim of her crimes was "over the age of 18" at the time of the offense and therefore her conviction was "under the incorrect Federal statute of 18 USC 1591(a)." (Dkt. 1 at 2; *see also id.* at 6.) It is not entirely clear why Sorensen believes this, if true, would entitle her to relief, as

2

Section 1591 may apply where the victim "has not attained the age of 18 years and will be caused to engage in a commercial sex act," but, alternatively, may also apply where "force, threats of force, fraud, [or] coercion" are used to coerce the victim into engaging in a commercial sex act. 18 U.S.C. § 1591(a)(2). The underlying documents from Sorensen's criminal case make clear that she pleaded guilty to this count on the understanding that her actions satisfied the "force, threats of force, fraud, [or] coercion" prong of § 1591(a)(2).[2]

In any event, there is no concrete reason to believe from the habeas petition that this argument regarding the victim's age could not have been raised on direct appeal or during Sorensen's post-conviction proceedings under § 2255. Sorensen contends that information regarding the victim's age "was unavailable at the time of appeals" (*id.* at 7), but does not explain why this was so. Even if she were correct, though, and even if the victim's age were relevant to her conviction, § 2255 would not be inadequate or ineffective to test the legality of her detention, as § 2255(h)(2) permits authorization of a second or successive § 2255 motion where "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). The fact that Sorensen has not been authorized by the United States Court of Appeals for the Fourth Circuit to again pursue

---

[2] Section 2421 applies without reference to the age of the victim.

relief under § 2255 does not render that provision inadequate or ineffective. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases).

A petition for a writ of habeas corpus is not the proper means for Sorensen to challenge her conviction, and her habeas petition must be dismissed on that basis.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Laura Sorensen (Dkt. 1) be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. Sorensen's application to proceed *in forma pauperis* (Dkt. 2) be **DENIED**.


Dated: September 23, 2019                     s/ *Elizabeth Cowan Wright*
                                              Elizabeth Cowan Wright
                                              U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).