**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| LAURA SORENSEN,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>WARDEN NANETTE BARNES,<br><br>　　　　　　　　　　Respondent. | Civil No. 19-2268 (JRT/ECW)<br><br>**MEMORANDUM OPINION<br>AND ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

Laura Sorenson, FCI Waseca, P.O. Box 1731, Waseca, MN 56093 (*pro se* petitioner);

Ana H. Voss and Ann M. Bildtsen, Assistant United States Attorneys, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis MN, 55415, for respondent.

Petitioner Laura Sorensen is serving a 480-month sentence after pleading guilty to one count of sex trafficking by force, fraud, and coercion under 18 U.S.C. § 1591(a) and one count of transportation of an individual for illegal sexual activity under 18 U.S.C § 2421. Sorensen seeks a writ of habeas corpus under 28 U.S.C. § 2241. Sorensen argues that she was wrongfully convicted under 18 U.S.C. § 1591(a) because her victim was over the age of 18. She also argues that a habeas petition under 28 U.S.C. § 2241 is appropriate because she lacks authorization to file a successive motion under 28 U.S.C. § 2255.

Because the Court has no jurisdiction to hear Sorensen's 28 U.S.C. § 2241 motion on the ground that she was denied a successive 28 U.S.C. § 2255 motion, and because even assuming the Court did have jurisdiction, the age of Sorensen's victim has no bearing on

the propriety of her conviction under 18 U.S.C. § 1591(a), the Court will overrule Sorensen's objections, adopt the Report and Recommendation ("R&R") issued by the Magistrate Judge, and deny Sorensen's Petition.

## BACKGROUND

Sorensen is currently incarcerated at the Federal Correctional Institution in Waseca, Minnesota. (Pet. at 1, Aug. 15, 2019; Docket No. 1). In May 2015, Sorensen pleaded guilty to one count of sex trafficking by force, fraud, and coercion under 18 U.S.C. § 1591(a) and one count of transportation of an individual for illegal sexual activity under 18 U.S.C § 2421. (Plea Agreement, May 1, 2015, 3:15-32-HEH-RCY(2), Docket No. 33, E.D. Va 2015.) The Plea Agreement was accompanied by a detailed Statement of Facts to which Sorensen and the United States stipulated. (Statement of Facts, May 1, 2015, 3:15-32-HEH-RCY(2), Docket No. 34, E.D. Va 2015.) The Statement of Facts sets out the details of the crime, including descriptions of the torture and abuse that Sorensen inflicted on her victim. (*Id.*) Sorensen and the government jointly recommended a sentence of 420 months—11 years over the high end of the guidelines range—due to Sorensen's admittedly "horrifying conduct that was designed to abuse, humiliate, and degrade the victim." (Def.'s Position on Sentencing at 1, 7; Aug. 6, 2015; 3:15-32-HEH-RCY(2); Docket No. 59; E.D. Va 2015.) In August 2015, Sorensen was sentenced to 480 months in the United States District Court for the Eastern District of Virginia. (Judgment at 2, Aug. 18, 2015, 3:15-32-HEH-RCY(2), Docket No. 67, E.D. Va 2015.)

In August 2016, Sorensen filed her first 28 U.S.C. § 2255 Motion, alleging that her plea was not knowing and voluntary, that she received ineffective assistance of counsel, and that her sentence was excessive and violates the Eighth Amendment. (§ 2255 Motion at 14-20, Aug. 22, 2016, 3:15-32(2), Docket No. 90, E.D. Va 2015.) The court found that Sorensen's plea was knowing and voluntary and that her counsel was not deficient. *See United States v. Sorensen*, No. 3:16-700-HEH, 2017 WL 3122659, at *1–3 (E.D. Va. July 21, 2017). The court similarly found that her sentence of 480 months, while exceeding the parties' nonbinding recommendation, was within constitutional bounds and was warranted under the circumstances of the case. *Id.* at *4. The court denied Sorensen's Motion and her request a certificate of appealability. *Id.* On August 5, 2019, the Fourth Circuit denied Sorensen's motion requesting authorization for a successive § 2255 motion. (USCA Order, 3:15-32-HEH-RCY(2), Docket No. 117.)

Ten days later, Sorensen filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this District. Sorensen argued that she was wrongfully convicted under 18 U.S.C. § 1591(a) because the victim of the crime was over 18; she also argued that a § 2241 habeas petition is appropriate because she is currently barred from bringing a successive § 2255 motion.[1] (Pet. at 2, 4, 6.) Sorensen also filed an application to proceed in forma pauperis. (IFP App., Aug. 15, 2019, Docket No. 2.)

The Magistrate Judge issued an R&R recommending that the Court deny Sorensen's Petition for a Writ of Habeas Corpus for lack of jurisdiction, and similarly deny Sorensen's

---

[1] Sorensen does not challenge her conviction under 18 U.S.C § 2421.

in forma pauperis application. (R&R at 4, September 23, 2019, Docket No. 3.) Sorensen filed her Objections to the R&R on October 11, 2019. (Obj. to R.&R., Docket No. 4.) The United States filed a one-page response in support of the R&R. (Gov't Resp., Oct. 25, 2019, Docket No. 6.)

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. Local R. 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. Local R 72.2(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. Local R 72.2(b)(3).

Sorensen objects to the R&R's recommendation that her Petition be denied and dismissed. The Court will review the related findings de novo.

### II. SORENSEN'S OBJECTIONS

Sorensen objects to the Magistrate Judge's finding that the Court has no jurisdiction to hear her § 2241 habeas petition. Sorensen explains that because she had previously filed a § 2255 motion, which was denied, and because she was denied authorization for another

§ 2255 motion, a § 2241 petition is proper because it is the only avenue to bring her concerns to the Court. Sorensen also discusses the basis of her underlying claim—that she was improperly convicted 18 U.S.C. § 1591(a).

### A. Jurisdiction

Sorensen objects to the Magistrate Judge's finding of no jurisdiction because that would leave Sorensen without remedy to bring her current claim of improper conviction. Sorensen brought the present claim under § 2241 because the Fourth Circuit denied her leave to file a successive § 2255 motion. Sorensen argues that because she is barred from bringing another § 2255 motion, a § 2241 petition is proper.

Sorensen's claim—that she was improperly convicted under 18 U.S.C. § 1591(a) because her victim was over the age of 18—is the type of challenge that should be raised in either a direct appeal or in a § 2255 motion. Sorensen appears to know this as well, because she initially requested authority to file a § 2255 and did not file the present petition until her request was denied.

A writ of habeas corpus under 28 U.S.C. § 2241 may issue only when a § 2255 motion is "inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). However, although Sorensen is barred from filing a successive § 2255 motion, such a bar does not render a § 2255 motion legally inadequate or ineffective. *Id.* (noting that, although courts "have not thoroughly defined" the meaning of "inadequate or ineffective" in § 2255(e), "more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion"). Sorensen could have raised her putative claim in her initial § 2255 motion, and

additionally could have obtained authority for a successive § 2255 motion had she been able to show "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). Sorensen did not raise these claims in her first § 2255 motion, and did not prevail in her request for a successive § 2255 motion. Nonetheless, these routes were available to her. Accordingly, § 2255 is not "inadequate or ineffective" here. The Court thus lacks jurisdiction to hear Sorensen's habeas petition under § 2241.

### B. 18 U.S.C. § 1591(a)

Even if the Court had jurisdiction to address Sorensen's underlying claim, it would find it without merit. Sorensen argues that her conviction under 18 U.S.C. § 1591(a) was improper because her victim was over the age of 18. Criminal liability under § 1591(a) has two prongs, which are evident from the name of the section: "Sex trafficking of children **or** by force, fraud or coercion," (emphasis added). As relevant here, the text of the statute reads:

> Whoever knowingly . . . benefits, financially or by receiving anything of value, from participation in a [sex-trafficking] venture . . . knowing . . .
>
> [1] that means of force, threats of force, fraud, coercion . . . or any combination of such means will be used to cause the person to engage in a commercial sex act, **or**
>
> [2] that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided…

18 U.S.C. § 1591(a) (emphasis added).

Sorensen's Plea Agreement sets out clearly that Sorensen agreed to plea to one count of "Sex Trafficking by Force, Fraud, or Coercion" under 18 U.S.C. § 1591(a). In the accompanying Statement of Facts, Sorensen admitted to torturing, beating, and sexually abusing her victim. The extent of the torture is set out in detail, and includes severely burning the victim, dragging her on a leash, driving nails through her feet, and spraying her wounds with bleach. The District Court for the Eastern District of Virginia has previously determined that Sorensen entered into both the Plea Agreement and Statement of Facts knowingly and voluntarily. *See Sorensen*, No. 3:16-700-HEH, 2017 WL 3122659, at *1.

The Statement of Facts does not indicate that the victim was under the age of 18.[2] None of the documents in Sorensen's case indicate that she was charged under the "child" prong of 18 U.S.C. § 1591(a). Instead, the docket demonstrates that she was charged under the "force, fraud or coercion" prong of that statute.[3] The Statement of Facts sets out more than sufficient evidence of "force, fraud or coercion," and so the age of the victim has no bearing on the propriety of Sorensen's conviction under 18 U.S.C. § 1591(a). Therefore, even if the Court had jurisdiction to address the Petition, it would deny it.

---

[2] Indeed, there are indications that the victim was over the age of 18. At one point when the police attempted to intervene at the request of the victim's mother, Sorensen told the victim to tell the police that the victim was an adult and wanted to go with Sorensen. (Statement of Facts ¶¶ 11–12.)

[3] For example, in the Guidelines calculations set out in the Plea Agreement, the parties calculated the Guidelines range using U.S.S.G. § 2G1.1, which is titled "Promoting a Commercial Sex Act or Prohibited Sexual Conduct with an Individual **Other than a Minor**." (Plea Agreement at 3 (emphasis added).)

## CONCLUSION

The Court has no jurisdiction to hear Sorensen's petition. The Court will therefore overrule Sorensen's objections, adopt the Magistrate Judge's R&R, deny and dismiss Sorensen's Petition for Habeas Corpus, and deny Sorensen's Application for IFP status.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, Sorensen's Objections to the R&R [Docket No. 4] are **OVERRULED** and the Magistrate Judge's Report and Recommendation [Docket No. 3] is **ADOPTED**. Accordingly, **IT IS HEREBY ORDERED** that:

1. Sorensen's Petition for a Writ of Habeas Corpus [Docket No. 1] is **DENIED.**

2. Sorensen's Application to proceed in forma pauperis [Docket No. 2] is **DENIED.**

3. This action is **DISMISSED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 23, 2020  
at Minneapolis, Minnesota.

                                            JOHN R. TUNHEIM  
                                               Chief Judge  
                                    United States District Court